ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JUL 18 A 11: 43

CLERK C Adams
SO. DIST. OF GA.

| | | |
|---|---|---|
| GLENN W. STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-091 |
| | ) | |
| COUNTRYWIDE HOME LOANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Glenn W. Stephenson is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Although pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice because the Court lacks jurisdiction over Plaintiff's claims and that this civil action be **CLOSED**.

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) Countrywide Home Loans ("Countrywide"); (2) McCalla Raymer, LLC ("McCalla Raymer"); (3) Ocwen Loan Services ("Ocwen"); (4) Wells Fargo Bank ("Wells Fargo"); and (5) Meybohm Realtors, LLC ("Meybohm"). (Doc. no. 1, pp. 1 & 5).

Plaintiff alleges that, in May 2002, October 2005, and February 2006, Countrywide damaged his property at 2916 Arrowwood Circle in Hephzibah, Georgia ("the Residence") when it secured the Residence after he fell behind on the mortgage payments. (Doc. no. 1, p. 3). According to Plaintiff, he filed bankruptcy on January 18, 2006, but attorneys with McCalla Raymer, representing Countrywide, initiated foreclosure proceedings on the Residence on February 7, 2006. (Id. at 3 & 8). Plaintiff contends that, despite filing an affidavit to void the foreclosure on March 7, 2006, C. Troy Crouse, an attorney with McCalla Raymer, failed to notify Plaintiff, Defendants, or the Department of Veterans Affairs ("VA") that he filed the affidavit.[1] (Id.).

---

[1] Although Plaintiff fails to affirmatively allege many of the facts that form the basis for his complaint, Plaintiff attached a letter to the complaint wherein Carl P. Dowling, an attorney contracted by VA to foreclose on the Residence, states:

> The real estate records also indicate that there was an outstanding VA loan in [the Residence] . . . . This VA loan was subsequently assigned to [Wells Fargo] as Trustee . . . . Inasmuch as payments on this outstanding loan were not current, [VA] foreclosed on this loan . . . .
> In connection therewith, [Ocwen], the Agent for [VA], contracted Sheena McCray as Agent for [Meybohm] to list [the Residence] for sale. In accordance with the request . . . , Ms. McCray listed the property for sale.

(Doc. no. 1, pp. 12-13).

Furthermore, Plaintiff alleges that, on March 31, 2006, Ocwen and Wells Fargo improperly evicted the tenant living at the Residence. (Id. at 3). Plaintiff also contends that, in April 2006, Countrywide cancelled the homeowner's insurance on the Residence. (Id.). Lastly, Plaintiff submits that Meybohm, who was the agent contracted by Ocwen to sell the Residence, listed the Residence for sale as late as July 8, 2006, despite knowing that Plaintiff was the owner of the Residence. (See id. at 3 & 13).

As relief, Plaintiff requests that the Court order Defendants to compensate him for their possession of the Residence from February until October 2006. (Id. at 4). Furthermore, Plaintiff asks that the Court order Defendants to pay $8,550 for rent lost during this period, $7,180 for damages to the Residence, and $3,200 for missing items. (Id.).

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). There are two general sources of federal subject-matter jurisdiction in a civil case.[2] One, federal district courts have jurisdiction over cases raising "federal questions," which means cases arising "under the Constitution, laws, or treaties of the United States."[3] 28 U.S.C. § 1331. Two, federal district courts have jurisdiction over so-called "diversity

---

[2]Of course, district courts also have jurisdiction over other types of cases, such as when the United States is a party. 28 U.S.C. §§ 1345 & 1346. Although Plaintiff mentions VA in the complaint, Plaintiff has not alleged, and there is no reason to suppose, that the United States is a party in this case. Moreover, Plaintiff does not proffer any facts to suggest some other basis for jurisdiction.

[3]The Court notes that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

3

cases," wherein the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, the Court must determine whether subject-matter jurisdiction exists under either of these two possibilities.

In this case, Plaintiff's allegations, even construed liberally, are insufficient to establish subject-matter jurisdiction. First, Plaintiff fails to identify a "federal question" because he has not alleged that Defendants violated any particular federal statute or constitutional provision. 28 U.S.C. § 1331; Andrews v. Hotel Reed Nursing Home, 167 F. Supp.2d 1333, 1339 (S.D. Ala. 2001) (quoting Kirkland Masonry, Inc. v. Comm'r Internal Revenue Serv., 614 F.2d 532, 533 (5th Cir. 1980) ("If jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law.")).[4] Based upon the allegations contained in the complaint, and the relief sought by Plaintiff, it appears that Plaintiff is asserting state property and tort claims against Defendants. Therefore, Plaintiff fails to proffer sufficient facts to establish "federal question" jurisdiction.

Furthermore, Plaintiff has offered no basis to suppose that "diversity" jurisdiction exists. 28 U.S.C. § 1332. Despite alleging that Countrywide and Ocwen are of diverse citizenship from Plaintiff, he does not request damages that satisfy the amount in controversy requirement. The Court is "obligated to assure itself that the case involves the requisite amount in controversy." Andrews, 167 F. Supp.2d at 1340 (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)). In this case, Plaintiff alleges $18,930

---

[4]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

in damages, and thus, his failure to allege at least $75,000 in damages precludes the Court from exercising "diversity" jurisdiction.[5] Therefore, the Court is not persuaded that Plaintiff has carried his burden of establishing the Court's subject-matter jurisdiction over his claims.

In sum, Plaintiff has not provided facts giving rise to the Court's jurisdiction over his claims, and thus, the case must be dismissed without prejudice. See, e.g., Andrews, 167 F. Supp.2d at 1337-40 (applying "well-pleaded complaint" rule to determine that the court did not have jurisdiction over *pro se* complaint). Notably, the Court cannot speculate whether any facts exist that could conceivably give rise to the Court's jurisdiction; nor can it advise Plaintiff regarding how to properly invoke the Court's jurisdiction in this case. Although the Court construes Plaintiff's complaint liberally, Haines, 404 U.S. at 520-21, the Court does not have a "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." In re Unsolicited Letters to Federal Judges, 120 F. Supp.2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Furthermore, liberal construction does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). Accordingly, this case should be dismissed without prejudice based on the Court's lack of jurisdiction.

---

[5] Allegations regarding the amount in controversy must be "affirmatively established" by the "underlying facts" as stated on the face of the complaint. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (removal case).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice because the Court lacks jurisdiction over Plaintiff's claims and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE